UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS

MICHAEL MCNULTY,
    Plaintiff

versus

INTERNAL REVENUE SERVICE,
    Defendant

FILED
NOV 13 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

19CV7496
JUDGE LEE
MAG. JUDGE WEISMAN

## COMPLAINT FOR INJUNCTIVE RELIEF

1. The Plaintiff seeks the disclosure of agency records improperly withheld from him by the Internal Revenue Service (the "IRS" or the "Defendant") and thus brings this action for injunctive and other appropriate relief pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a et seq., and the Freedom of Information Act, 5 U.S.C. § 552(a) et seq.

## PARTIES

2. Plaintiff Michael McNulty is a citizen of the United States and a resident of Illinois. Plaintiff is holder of a valid durable power of attorney for Plaintiff's father, William B. McNulty Jr. (hereinafter "Plaintiff's father")

3. Defendant is a component of the Department of Treasury and therefore, an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1).

Defendant is in possession and/or control of the requested records pertaining to Plaintiff's father. Defendant is headquartered at 1111 Constitution Avenue, N.W., Washington, D.C. 20224.

## JURISDICTION AND VENUE

4. The Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(1), and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(5), and 28 U.S.C. § 1391(e).

## FACTS

5. On December 9th, 2013, Plaintiff applied for an Offer in Compromise pursuant to 26 U.S.C. § 7122 on behalf of Plaintiff's father, who owed a significant balance in back taxes.

6. This Offer in Compromise was accepted by the Defendant on July 7th, 2014 and Plaintiff subsequently complied with the offer, making payment to the Defendant of $8,000 as of November 18th, 2014. However, some later correspondence from Defendant suggested that the larger outstanding balance was still owed, despite the acceptance and payment of this Offer in Compromise.

7. Around the same time, in 2014, in the context of a civil lawsuit in Illinois state court, Plaintiff was accused of fraud by Plaintiff's father's ex-wife and an attorney named Curtiss Ross was appointed by the state court to investigate these fraud allegations. This investigation was handled by an IRS employee named James Malone. While the fraud charges proved to be unfounded, the ordeal caused a significant harm to Plaintiff, financially and otherwise, which Plaintiff intends to redress.

8. On February 27, 2019, pursuant to 5 U.S.C § 552, Plaintiff submitted a request for all notes of correspondence between Defendant and himself, Defendant and Plaintiff's father, and Defendant and Curtiss Ross. Plaintiff had a material interest in these records because the records would bear out the acceptance of the Offer in Compromise as well as the falsity of the fraud allegations against Plaintiff.

9. In a letter dated June 4, 2019, Defendant delivered yet, refused to release a portion of the records, citing two different exemptions to 5 U.S.C § 552. However, this refusal was based on an erroneous reading of the law; well beyond the Defendant's exercising of two options establishing legal deadline of April 10th, 2019 to procure the FOIA documents..

10. First, Defendant refused to release some of the records on the grounds that their disclosure is prohibited by 26 U.S.C § 6103. This section, part of the Internal Revenue Code, prohibits disclosure of tax information to unauthorized parties, and thus, in the view of Defendant, prohibited disclosure of communications between Defendant and Curtiss Ross to Plaintiff.

11. However, 26 U.S.C § 6103 only applies to tax returns and "return information," not correspondence between Defendant and another party. Thus, this exemption does not apply.

12. Defendant also refused to release some of the correspondence between James Malone and Curtiss Ross on the grounds that it was protected by "attorney client privilege" and thus exempt from disclosure under 5 U.S.C § 552(b)(5).

13. However, attorney-client privilege does not in fact apply to these communications. James Malone was not an attorney and in any event representing a client at all but was rather merely an IRS employee investigating fraud allegations. Attorney-client privilege covers communications between an attorney and client. *See generally, e.g.*, Waste Management, Inc. v. Inter. Surplus Lines Ins. Co., 579 NE 2d 322, 326-27 (Illinois Supreme Court, 1991)(describing attorney-client privilege in Illinois).

14. As such, the Defendant's withholding of this information was not consistent with the law.

**CAUSE OF ACTION: VIOLATION OF 5 U.S.C. § 552(a)**

15. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 US..C. § 552.

16. Plaintiff has exhausted applicable administrative remedies.

17. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records. Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

18. Lastly, Plaintiff demands all notes pertaining to Case File #6789236. These were established amongst IRS employee Ms. Johnson and Ms. Williams, located in Chicago, IL, at the Federal Kluczynksi building.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare that Defendant violated the Freedom of Information Act; (2) order Defendant to immediately disclose the requested records in their entirety and make copies available to Plaintiff; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552(a)(4)(E); and (4) grant such other relief as the Court deems just and proper.

Dated November 11, 2019

Respectfully Submitted,

*Michael C McNulty*

Michael McNulty, *pro se*

657 W. Fulton Street, Unit 601

Chicago IL 60661