IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CHICAGO

| | |
|---|---|
| MICHAEL MCNULTY, ) | |
| ) | Case No. 1:19-cv-7496-JZL |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS, OR ALTERNATIVELY,
MOTION FOR SUMMARY JUDGMENT**

The Defendant, the Internal Revenue Service (Service), moves to dismiss Michael McNulty's complaint purportedly filed under the Freedom of Information Act (FOIA) for lack of subject-matter jurisdiction. Alternatively, the Service moves for summary judgment because Mr. McNulty failed to exhaust his administrative remedies and the Service is not withholding production of any records.

The Court should dismiss the suit, or in the alternative, grant the Service summary judgment because the undisputed material facts prove that the Service has no record of Mr. McNulty appealing his FOIA decision, and thus, Mr. McNulty has failed to exhaust administrative remedies. The Service has not improperly withheld any responsive records, and thus, Plaintiff fails to meet the threshold issue of showing the Service improperly withheld agency records.

**Undisputed Material Facts**

The Service submits that there exists no genuine issues as to the material facts set forth in the numbered paragraphs below. These material facts are conclusively established by the uncontested paragraphs of Mr. McNulty's amended complaint, the attached exhibits to Mr. McNulty's amended complaint, and the declaration of Chief Counsel Law Clerk[1] Robert Bley (Bley Decl.), which the Service submits in support of this motion. The following facts are undisputed:

1. Plaintiff, Michael McNulty, is a resident of Illinois and holds a valid durable power of attorney for his father, William B. McNulty, Jr. ECF No. 11 at 2, Pl.'s Amended Complaint at ¶ 3.

2. Defendant, Internal Revenue Service (the Service), is an agency of the United States Government.

3. Mr. McNulty brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, regarding a FOIA request he submitted with the Service on February 27, 2019. ECF No. 11 at 1–3, Pl.'s Amended Complaint at ¶¶ 2 and 9.

4. In the FOIA request he submitted on February 27, 2019, Mr. McNulty requested three categories of records for tax years 2005 through 2018: (1) All notes of correspondence between Michael C. McNulty, William B. McNulty Jr., and James Malone; (2) all notes of correspondence between Curtiss Ross and the Service; and (3) all notes of

---

[1] Mr. Bley is a licensed attorney admitted to the State Bar of Virginia. His current title at the Service, however, is "law clerk," as the Service has not fully processed his paperwork to convert his title to "attorney." Bley Decl. at ¶ 1, n. 1.

correspondence having anything to do with William B. McNulty for the requested tax years. ECF No. 11 at 7, Exhibit A to Pl.'s Amended Complaint.

5. The Service assigned Mr. McNulty's FOIA request a case number: F19059-002. ECF No. 11 at 11, Exhibit C to Pl.'s Amended Complaint.

6. The Service responded to Mr. McNulty's FOIA Request on June 4, 2019. ECF No. 11 at 11, Exhibit C to Pl.'s Amended Complaint.

7. The Service informed Mr. McNulty it found no records responsive to the second category of his request (notes of correspondence between Curtiss Ross and the Service for tax years 2005 through 2018). ECF No. 11 at 12, Exhibit C to Pl.'s Amended Complaint.

8. The Service located 607 pages responsive to Mr. McNulty's first request (notes of correspondence between Michael C. McNulty, William B. McNulty Jr., and James Malone for tax years 2005 through 2018) and Mr. McNulty's third request (all notes of correspondence having anything to do with William B. McNulty for the tax years 2005 through 2018). ECF No. 11 at 12, Exhibit C to Pl.'s Amended Complaint.

9. Of the 607 records the Service located, the Service withheld from disclosure six pages in part and one page in full asserting FOIA Exemptions pursuant to 5 U.S.C. § 552(b)(3) (FOIA Exemption 3) and 5 U.S.C. § 552(b)(5) (FOIA Exemption 5). ECF No. 11 at 12, Exhibit C to Pl.'s Amended Complaint.

10. With its response, the Service also notified Mr. McNulty of his appeal rights, specifically:

> You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. I've enclosed Notice 393, Information on an IRS Determination to Withhold Records Exempt from the Freedom of Information Act – 5 U.S.C. § 552, to explain your appeal rights.

ECF No. 11 at 13, Exhibit C to Pl.'s Amended Complaint.

11. Mr. McNulty received this response and the Notice 393, as evidenced by Mr. McNulty attaching them as exhibits to his amended complaint. ECF No. 11 at 12–15, Exhibit C to Pl.'s Amended Complaint.

12. Mr. McNulty's filings contain no evidence that he submitted a FOIA Appeal with the Service before filing this suit. ECF No. 11, Pl.'s Amended Complaint.

13. The Services uses a database called Automated Freedom of Information Act (AFOIA) System to maintain FOIA case file information and secure documents responsive to FOIA requests. Bley Decl. at ¶ 11.

14. The AFOIA system is searchable by the requester's name, case number, case name, and taxpayer identification number. Bley Decl. at ¶ 11.

15. The Government Information Specialist in the Service's Disclosure Office, Denise Higley, searched the AFOIA system and found no FOIA Appeal submitted by Mr. McNulty. Bley Decl. at ¶ 12–13.

16. The Service uses a database called Appeals Centralized Database System (ACDS) to capture all information relating to an appeal of a FOIA determination made by the Service. Bley Decl. at ¶ 14.

17. The ACDS database is searchable by the requestor's name, case number, case name, and taxpayer identification number. Bley Decl. at ¶ 14.

18. The Appeals Officer, who is a point of contact for the Service to inquire about FOIA appeals, Theresa Carillo, searched the ACDS database for all FOIA Appeals received by the Service and found it had not received any FOIA Appeals from Mr. McNulty. Bley Decl. at ¶ 12–13.

19. The Service received no FOIA Appeal regarding Mr. McNulty's February 27, 2019, FOIA Request (Case # F19059-0002) before Mr. McNulty filed this suit. Bley Decl. at ¶¶ 9–14.

### Standard of Review

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Cases under the FOIA are decided on summary judgment and may be granted solely on the basis of agency affidavits if they are sufficiently detailed and are submitted in good faith. *See, e.g., Rubman v. U.S. Citizenship & Immigration Servs.*, 800 F.3d 381, 387 (7th Cir. 2015). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims . . . ." *Int'l Union of Elevator Constructors Local 2 v. U.S. Dep't of Labor*, 804 F.Supp.2d 828, 895 n.4 (N.D. Ill. Aug. 17, 2011) (*citing SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200, (D.C. Cir. 1991)). Here, the facts pertinent to Mr. McNulty's FOIA and Privacy Act claims are not in dispute and the issues in this case can be decided as a matter of law.

### Plaintiff Has Failed To Exhaust His Administrative Remedies Under The FOIA And The Privacy Act

Before seeking review in a FOIA case, a plaintiff must first exhaust his administrative remedies. *Almy v. U.S. Dep't of Justice*, 114 F.3d 1191 (Table), No. 96-1207, 1997 WL 267884 at *3, (7th Cir. 1997); *see also Wilber v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004). Although the Circuit Court of Appeals for the District of Columbia has held that exhaustion "is not jurisdictional because the FOIA does not unequivocally make it so," failure to exhaust

5

administrative remedies may still preclude judicial review. *Wilber*, 355 F.3d at 677 (citations omitted).

Exhaustion of administrative remedies is required before judicial review of a FOIA request. *Almy*, 1997 WL 267884 at *3; *see also, Evans v. U.S. Dept. of Justice*, 135 F.Supp.3d 799, 819 (N.D. Ind. 2015) ("Failure to properly exhaust administrative remedies is grounds for dismissal of a requester's lawsuit."). Courts recognize two forms of administrative exhaustion: actual and constructive. *See, e.g., Nelson v. U.S. Army*, No. 12 C 4718, 2013 WL 5376650 at *5 (N.D. Ill. Sept. 25, 2013). Actual exhaustion occurs when a party files a proper request with the appropriate agency, and then the party appeals administratively any adverse determinations. 5 U.S.C. § 552(a)(6)(A). In contrast, constructive exhaustion occurs if the agency fails to conform to the time limits established by the FOIA. 5 U.S.C. § 552(a)(6)(C).

Mr. McNulty filed an administrative request for records with the Service. ECF No. 11 at 7 (Exhibit A to Pl.'s Amended Complaint). The Service partially denied his request, withholding six pages in part and one page in full. ECF No. 11 at 12 (Exhibit C to Pl.'s Amended Complaint). However, Mr. McNulty failed to file an administrative appeal to contest this unfavorable decision. ECF No. 11 (Pl.'s Amended Complaint) (failing to allege filing an administrative appeal); Bley Decl. at ¶ 9–14 (the Service has no record of an administrative appeal filed by Mr. McNulty).)

Under FOIA, the Service was required to notify Mr. McNulty of its "determination and reasons therefore." 5 U.S.C. § 552(a)(6)(A)(i). The Service did so on June 4, 2019. ECF No. 11 at 12 (Exhibit C to Pl.'s Amended Complaint). The FOIA then required the Service to notify Mr. McNulty of his right "to seek assistance from the FOIA Public Liaison of the agency." 5 U.S.C. § 552(a)(6)(A)(i). The Service did so on June 4, 2019. ECF No. 11 at 13 (Exhibit C to Pl.'s

Amended Complaint). Because it was an adverse decision, the Service was also required to notify him of his right "to appeal to the head of the agency" and "to seek dispute resolution services from the FOIA Public Liaison of the agency." 5 U.S.C. § 552(a)(6)(A)(i). This notice was also provided in the Service's response letter dated June 4, 2019. ECF No. 11 at 13 (Exhibit C to Pl.'s Amended Complaint).

The requirements of an administrative appeal prior to bringing suit provides an agency a further opportunity to "exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Khine v. U.S. Dep't of Homeland Sec.*, 943 F.3d 959, 968 (D.C. Cir. 2019) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). "Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors." *Oglesby*, 920 F.2d at 61.

Failure to pursue appellate review from the agency results in a failure "to actually exhaust administrative remedies under FOIA." *Nelson*, 2013 WL 5376650 at *6. Mr. McNulty has not alleged that he sought appellate review, and the Service has not located an appeal filed by Mr. McNulty. Furthermore, because Mr. McNulty brought his case under FOIA, he must demonstrate that the Service actually *received* his FOIA appeal, not just that he submitted one. *See, e.g.*, *Pickering-George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3 (D.D.C. 2008) (dismissing plaintiff's FOIA claim when agency had no record of receiving it); *Banks v. DOJ*, 538 F. Supp. 2d 228, 234 (D.D.C. 2008) (finding that plaintiff failed to exhaust administrative remedies because agencies had no records of plaintiff's requests). Thus, when a plaintiff fails to rebut an agency affidavit attesting that the request was never received by the agency, the FOIA case must be dismissed.

Here, Mr. McNulty's failure to appeal deprived the Service of the chance to "exercise discretion and expertise on the matter." *See Khine*, 943 F.3d at 968. Because Mr. McNulty has failed to exhaust his administrative remedies, he fails to meet the elements of a FOIA claim and his case should be dismissed.

Similar to the FOIA, a proper administrative claim must be filed with the Service before judicial review of a Privacy Act Claim is appropriate. 5 U.S.C. § 552a(g)(1). A request under the Privacy Act must be "made in writing and signed by the person making the request" and must describe "in sufficient detail" the nature of the records sought. 31 C.F.R. §§ 1.26(d). An individual may only bring a claim under the Privacy Act if the agency has refused to provide to the individual's own records. 5 U.S.C. § 552a(g)(1).

Under the Privacy Act, agencies such as the Service which maintain systems of records must provide an individual access, upon request, to "his record or to any information pertaining to him which is contained in the system." 5 U.S.C. § 552a(d)(1). The Service, as required under § 552a(f), has established regulations for Privacy Act inquiries. 31 C.F.R. § 1.26, Pt. 1, Subpt. C, App. B(3)(b). Requests under the Privacy Act must be in writing, signed by the requester, clearly marked "Request for notification and access" or "Request for accounting of disclosures," contain a statement that the request is pursuant to the provisions of the Privacy Act of 1974, include the name and address of the requester, specify the name and location of the particular system of records for which the individual seeks notification and access, and, among other requirements, must "be addressed to or delivered in person to the office of the official designated in the access section for the particular system of records for which the individual is seeking notification and access." *Id.* The Service also helpfully provides an example request. *Id.*, App. B(3)(d).

Mr. McNulty's amended complaint alleges none of these requirements. ECF No. 11 (Pl.'s Amended Complaint). His request mentioned the Privacy Act, but was not properly labeled as a request for notification and access, 31 C.F.R. § 1.26, Pt. 1, Subpt. C, App. B(3)(b)(ii), did not specify a name and location of a particular system, *id.*, App. B(3)(b)(v), and did not include "the title and business address of the official designated in the access section" for the particular system, *id.* ECF No. 11 (Pl.'s Amended Complaint). Instead, his request clearly referred to the FOIA, was directed to the appropriate FOIA address, and appears to have sought disclosure of documents exclusively under the FOIA. Thus, Mr. McNulty failed to make a Privacy Act request which conformed to the applicable Privacy Act regulations, constituting a failure to exhaust administrative remedies. *See, Powell v. Internal Revenue Service*, 255 F.Supp.3d 33, 41–42 (D.D.C. 2017) (collecting cases). Because he has failed to exhaust his administrative remedies, Mr. McNulty is barred from obtaining judicial relief. *Id*.

Despite having the burden to demonstrate he exhausted his administrative remedies, Mr. McNulty has not alleged, much less provided evidence, to show that he filed a FOIA appeal with the Service before filing suit. ECF No. 11 (Pl.'s Amended Complaint). Nor did Mr. McNulty show that he sent a proper Privacy Act request to the Service before filing suit. *Id*. Therefore, Mr. McNulty's claim pursuant to the FOIA and the Privacy Act must be barred as he has failed to exhaust his administrative remedies. *Almy v. U.S. Dep't of Justice*, 114 F.3d 1191 (Table), No. 96-1207, 1997 WL 267884 at *3, (7th Cir. 1997); *see also Wilber v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004).

**Conclusion**

    Mr. McNulty's suit is barred because he failed to exhaust his administrative remedies under both the FOIA and the Privacy Act. Accordingly, there are no genuine issues of material fact and the Service is entitled to judgment as a matter of law. The Service respectfully requests this Court grant its motion and dismiss Mr. McNulty's FOIA and Privacy Act claims with prejudice.

Dated: February 21, 2020

    RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General

    JOHN R. LAUSCH, JR.
    United States Attorney

    */s/ Emily K. Miller*
    EMILY K. MILLER
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 227
    Washington, D.C. 20044
    202-353-7509 (v)
    202-514-6866 (f)
    Emily.K.Miller@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of February, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to all parties registered to receive such filing. Additionally, I hereby certify that on the same date I have e-mailed and mailed the document by United States Postal Service to the following non-CM/ECF participants:

Michael McNulty
657 W. Fulton Street, Unit 601
Chicago, Illinois 60661
MichaelCMcNulty@sbcglobal.net

                                        */s/ Emily K. Miller*
                                        EMILY K. MILLER
                                        Trial Attorney
                                        United States Department of Justice, Tax Division