IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CHICAGO

| | |
|---|---|
| MICHAEL MCNULTY, ) | |
| ) | Case No. 1:19-cv-7496-JZL |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**

The Defendant, the Internal Revenue Service (Service), replies in support of its Motion to Dismiss this Freedom of Information Act (FOIA) and Privacy Act suit, or in the alternative, Motion for Summary Judgment. The Service moved to dismiss this case for lack of jurisdiction, or in the alternative, grant summary judgment, as Mr. McNulty had failed to exhaust his administrative remedies. ECF No. 17 (Def.'s Motion to Dismiss, or in the alternative, Motion for Summary Judgment); ECF No. 17-1 (Def.'s Memorandum in Support of Motion). Mr. McNulty has still not demonstrated sufficient facts to satisfy the exhaustion doctrine.

As to the FOIA portion of Mr. McNulty's complaint, he has failed to appeal his FOIA decision. ECF No. 17-1 at 1 (Def.'s Memorandum in Support of Motion). Exhaustion of administrative remedies is a threshold requirement to a lawsuit under the FOIA. *Almy v. U.S. Dep't of Justice*, 114 F.3d 1191 (Table), No. 96-1207, 1997 WL 267884 at *3, (7th Cir. 1997); *see also Wilber v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004). To satisfy that requirement, Mr. McNulty must demonstrate that the Service received his FOIA request and that he appealed any

1

adverse determinations. 5 U.S.C. § 552(a)(6)(A); *Nelson v. U.S. Army*, No. 12 C 4718, 2013 WL 5376650 at *6 (N.D. Ill. Sept. 25, 2013).

As to the Privacy Act portion of Mr. McNulty's complaint, he has failed to make a proper Privacy Act request to the Service. ECF No. 17-1 at 8–9 (Def.'s Memorandum in Support of Motion). As with FOIA cases, the Privacy Act also requires exhaustion of administrative remedies as a threshold for a lawsuit. 5 U.S.C. § 552a(g)(1). To satisfy that requirement, Mr. McNulty must demonstrate that the Service received a Privacy Act request that conformed to the applicable Privacy Act regulations. 5 U.S.C. § 552a(g)(1); *Powell v. Internal Revenue Service*, 255 F.Supp.3d 33, 41–42 (D.D.C. 2017) (citing a collection of cases).

Mr. McNulty's complaint did not allege that he sought appellate review of his FOIA decision. *See* ECF No. 11 (Pl.'s Amended Complaint); ECF No. 17-1 at 6–7 (Def.'s Memorandum in Support of Motion). Nor did he allege that he submitted a proper Privacy Act Request. ECF No. 11 (Pl.'s Amended Complaint); ECF No. 17 at 8–9 (Def.'s Memorandum in Support of Motion). His response also fails to allege either of these requirements. ECF No. 28 at 1–10 (Pl's Response to Motion).

Mr. McNulty instead claims he relied on assurances from the Taxpayer Advocacy Service that he would not need to take further action. *Id*. at 2. To his response, Mr. McNulty attached the letters he received from the Taxpayer Advocacy Service, which indicate that the Taxpayer Advocacy Service submitted his initial request to the Service, but do not include any statements regarding Mr. McNulty's appeals. ECF No. 28 at 11–13 (Pl's Response to Motion). In fact, Mr. McNulty attached the response from the Service informing him of his right to file an

administrative appeal within ninety days of the Service's adverse FOIA decision, confirming that the Service alerted him to such requirement. *Id*. at 31–33.

The Service has no record of receiving an administrative appeal regarding Mr. McNulty's February 27, 2019, FOIA request. ECF No. 17-3 at ¶¶ 9–14 (Declaration of Robert Bley). Despite filing several exhibits related to his father's tax liabilities, nowhere in Mr. McNulty's response does he allege, much less provide documentation to support, that he appealed the Service's FOIA determination. *See, generally*, ECF No. 28 (Pl's Response to Motion). Failure to appeal an adverse FOIA decision constitutes in a failure to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(A); *Nelson v. U.S. Army*, No. 12 C 4718, 2013 WL 5376650 at *6 (N.D. Ill. Sept. 25, 2013).

Nor does Mr. McNulty allege or provide documentation to support that the Service received a properly submitted a Privacy Act request from him. *See, generally*, ECF No. 28 (Pl's Response to Motion). This, too, constitutes a failure to exhaust administrative remedies. 5 U.S.C. § 552a(g)(1); *Powell v. Internal Revenue Service*, 255 F.Supp.3d 33, 41–42 (D.D.C. 2017) (citing a collection of cases).

(*Remainder of page deliberately left blank.*)

Mr. McNulty's suit is barred because he failed to exhaust his administrative remedies under both the FOIA and the Privacy Act. Accordingly, there are no genuine issues of material fact and the Service is entitled to judgment as a matter of law. The Service respectfully requests this Court grant its motion and dismiss Mr. McNulty's FOIA and Privacy Act claims with prejudice.

Dated: June 22, 2020　　　　　　　　　　　　RICHARD E. ZUCKERMAN
　　　　　　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Emily K. Miller*
　　　　　　　　　　　　　　　　　　　　　　　EMILY K. MILLER
　　　　　　　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 227
　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20044
　　　　　　　　　　　　　　　　　　　　　　　202-353-7509 (v)
　　　　　　　　　　　　　　　　　　　　　　　Emily.K.Miller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to all parties registered to receive such filing. Additionally, I hereby certify that on the same date I have e-mailed and mailed the document by United States Postal Service to the following non-CM/ECF participants:

Michael McNulty
657 W. Fulton Street, Unit 601
Chicago, Illinois 60661
MichaelCMcNulty@sbcglobal.net

                                            */s/ Emily K. Miller*
                                            EMILY K. MILLER
                                            Trial Attorney
                                            United States Department of Justice, Tax Division