

FILED
6/24/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS

MICHAEL MCNULTY, )
      Plaintiff )  Case No. 1:19-cv-7496-JZL
 )
Versus )
 )
INTERNAL REVENUE SERVICE, )
      Defendant )
 )

### PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT

Plaintiff respectfully requests that this Court permit the filing of this Sur-Reply in response to Defendant's June 22rd, 2020 Reply memorandum. Counsel for the Service informed Plaintiff on June 23rd, 2020, that he could not file a Sur-Reply based on FRCP 77(d) pursuant to ECF No. 19. *See Ex. A, Plaintiff and US Attorney correspondence pertaining to Sur-Reply.* Plaintiff has reviewed FRCP 77(d) and the Local Rules for the Northern District of Illinois and found nothing prohibiting the filing of this pleading. If such filing is inappropriate, Plaintiff respectfully requests this Court's permission to file a request for a Sur-Reply for the reasons provided below.

Plaintiff respectfully submits that the Service's Reply mischaracterized Plaintiff's First Amended Complaint, ECF No. 11, for the following two reasons:

First, the Service repeatedly states in its Reply that Plaintiff failed to make a "proper Privacy Act Request to the Service." ECF No. 30 at 2. At no time in Plaintiff's dealings with the Service did they inform him that his FOIA request was in any way improper. Upon the Service's filing of its Reply, ECF No. 30, it came as a surprise to Plaintiff that the Service

represented to this Court that Plaintiff's FOIA request was improper. Plaintiff finds this response to be confusing given the fact that the Service provided approximately 600 pages in production as a result of the FOIA. *See ECF No. 11, Ex. C, Page 2, IRS FOIA response dated June 4th, 2019.* To Plaintiff's understanding, the Service's argument that the FOIA request was improper makes no sense, given that the Service provided production (although incomplete) to Plaintiff's FOIA request. Plaintiff's response to the Service is meant to be a means to an end – the heart of the issue at hand in which Plaintiff has worked towards resolving for many years despite having been resolved between Plaintiff and the Service multiple times prior. This legal action became necessary having exhausted all administrative avenues available to Plaintiff. Ultimately, the Service's agents acknowledged the deficiency of their response and directed Plaintiff to the Taxpayer Advocacy Service ("TAS"), which Plaintiff understands to be part of the Service. At no time during the FOIA request or in the following dealings with the Service or the TAS was Plaintiff represented by an attorney. *In short, Plaintiff's post-request dealings with the Service and TAS were that multiple pages were withheld in part, or in full, from Service's FOIA production based on an improper assertion of attorney-client privilege. See ECF Nos. 11 and 28.* Additionally, *See ECF No. 28, Ex. D, Billing records from Attorney Curtis Ross appointed by the Cook County Court who was paid out of escrow funds belonging to Plaintiff's father resulting from Court directed asset liquidation during divorce proceedings. In other words, Mr. Ross was neither an attorney for the Court nor was he for the Service.*

Second, the Service has repeatedly asserted that Plaintiff failed to exhaust his administrative remedies by filing an appeal to what he maintains is the Service's deficient response. In fact, Plaintiff relied on the representations of the Service and the TAS that the Service directed him to, who would remedy this deficiency. As Plaintiff mentioned in his

previous signed pleadings supported by exhibits, both Ms. Johnson of the Service and Ms. Williams of TAS acknowledged this "systemic failure." In Ms. Williams' case, she assured Plaintiff that TAS would resolve the issue and followed up with a response to Plaintiff dated April 3rd, 2019 suggesting they (the Service) anticipated this matter being resolved by May 31st, 2019. *See ECF 28, Page 11, Ex. A.* It is disingenuous now that the Service would put forth the argument that Plaintiff failed to exhaust his administrative remedies, given the Service's previous advice, direction and recommendations from the Service itself.

This remains to be a simple matter – the Service is continuing to block Plaintiff's request for the remaining pages from his FOIA request based on an improper assertion of attorney-client privilege, despite his repeated reliance upon representations made by Service employees.[1] It is telling that Service's attorney has completely avoided this argument of improper assertion of attorney-client privilege. Instead, the Service is relying on technicalities to get this *pro se* Plaintiff's matter dismissed.

Additionally, it has come to Plaintiff's attention that he failed to mark the Exhibits in his June 15th, 2020 Opposition filing. Plaintiff respectfully requests that the Court note that the following:

- *ECF 28, Page 11, Ex. A.*
- *ECF 28, Page 14, Ex. B.*
- *ECF 28, Page 20, Ex. C.*
- *ECF 28, Page 45, Ex. D.*
- *ECF 28, Page 50, Ex. E.*
- *ECF 28, Page 64, Ex. F.*
- *ECF 28, Page 69, Ex. G.*
- *ECF 28, Page 76, Ex. H.*
- *ECF 28, Page 95, Ex. I*

---

[1] See ECF No. 11, Ex. F and ECF No. 28, Ex. E. These missing documents involved communications which may aid in Plaintiff's efforts in resolving deficiencies at the Service as they pertain to a current lien on Plaintiff's father's residence despite the appropriate moneys already having been provided towards past tax debt in which the current lien applies.

3

Plaintiff extends any apologies necessary to the Court and Service's attorney for any potential inconvenience that this oversight may have caused.

Finally, Plaintiff respectfully requests that the Court: (1) deny the Service's Motion for Summary Judgment/Motion to Dismiss and (2) order the Service to produce the remaining pages to the FOIA which were improperly withheld from the FOIA production. Plaintiff also respectfully requests Oral Argument in this matter should the Court deny the above requests.

Respectfully Submitted,

*[signature: Michael C McNulty]*

Michael McNulty, *pro se*

657 W. Fulton Street, Unit 601

Chicago IL 60661