# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL MCNULTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 19 C 7496 |
| v. ) | |
| ) | Judge John Z. Lee |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Michael McNulty has filed claims against the Internal Revenue Service ("IRS") under the Freedom of Information Act ("FOIA") and the Privacy Act, 5 U.S.C. §§ 552, 552(a), concerning his 2019 request for information relating to his father. The IRS moves for summary judgment [17], arguing that McNulty has failed to administratively exhaust those claims. For the following reasons, the motion is granted.

## I. Background[1]

McNulty holds a valid durable power of attorney for his father. Def.'s L.R. 56.1 Statement of Facts ("DSOF") ¶ 1, ECF No. 17-2. In a February 27, 2019 letter to the IRS "under the Freedom of Information Act/Privacy Act," McNulty requested three categories of records regarding his "father's prior resolved IRS affairs." *Id.* ¶ 4; Info. Request, ECF No. 28 at 26. The IRS responded in June 2019, stating that

---

[1] The following facts are undisputed or have been deemed admitted unless otherwise noted.

it found nothing relating to one of the three categories, but that it would fully disclose 600 of 607 pages of records concerning the other two categories. DSOF ¶ 9; Resp. to Info. Request, ECF No. 28 at 31–33. The IRS further notified McNulty that he would need to file an administrative appeal within ninety days to preserve his FOIA rights and explained his appeal rights in more detail. DSOF ¶ 9.

But McNulty never filed an administrative appeal, *id.* ¶ 19; instead, he filed this lawsuit in November 2019, claiming that the IRS's response to his information request was inadequate under FOIA and the Privacy Act. Am. Compl., ECF No. 11. The IRS now moves for summary judgment on the ground that McNulty has not exhausted his administrative remedies.[2] *See* Mot. for Summ. J., ECF No. 17; Mem. in Supp. of Summ. J., ECF No. 17-1.

## II. Legal Standard

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met that burden, the nonmovant must set forth specific facts demonstrating that there are disputed material facts that must be decided at trial. *Id.* at 321–22.

---

[2] The IRS's motion is styled as a "motion to dismiss, or alternatively, motion for summary judgment." ECF No. 17. Given that a failure to exhaust is an affirmative defense, and "a plaintiff is not required to negate an affirmative defense in [their] complaint," *Stuart v. Local 727, Intern. Broth. of Teamsters*, 771 F.3d 1014, 1018 (7th Cir. 2014), the Court construes the motion as one for summary judgment rather than one challenging the sufficiency of the allegations in the complaint.

### III. Analysis

Because McNulty failed to exhaust administrative remedies relating to his claims under FOIA and the Privacy Act, the IRS is entitled to summary judgment.

**A. FOIA**

As a general rule, an individual who submits a FOIA request must exhaust available administrative remedies by appealing an agency's FOIA response with that agency before seeking judicial review. *See Evans v. U.S. Dep't of Interior*, 135 F. Supp. 3d 799, 819 (N.D. Ind. 2015) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1258–59 (D.C. Cir. 2003)). Here, it is undisputed that McNulty never appealed the IRS's response to his information request. Nevertheless, McNulty argues that he either constructively exhausted his FOIA claim or should be excused from the exhaustion requirement, based on representations made to him by the IRS's Taxpayer Advocate Service ("TAS").

Specifically, McNulty cites an April 2019 letter from a TAS case advocate noting that she "expect[ed] to resolve [McNulty's] case by May 31, 2019." TAS Letter, ECF No. 28 at 11. But this stray sentence—which references McNulty's initial request, rather than any appeal—is not enough to save his FOIA claim. The IRS's June 2019 response stated that McNulty had the right "to file an administrative appeal within 90 days of the date of this letter" to "preserve [his] rights under FOIA and give the agency a chance to review and reconsider [his] request and the agency's decision." Response to Info. Request at 2. Moreover,

attached to that letter was a notice further detailing McNulty's appeal rights. *See* Notice 393, ECF No. 28 at 34.

McNulty points to no subsequent communication by the TAS or any other entity affiliated with the IRS that would suggest that he had exhausted his administrative remedies or had been excused from doing so. Thus, given McNulty's failure to file an appeal of the response to his information request, the IRS is entitled to summary judgment as to his FOIA claim.

**B.    Privacy Act**

McNulty likewise has failed to exhaust administrative remedies as to his claim under the Privacy Act. That Act, which is primarily concerned with ensuring the accuracy, rather than the public disclosure, of agency records, *see Mobley v. CIA*, 806 F.3d 568, 585–86 (D.C. Cir. 2015), requires the IRS to establish a "reasonable" process for individuals to access their personal records. 5 U.S.C. § 552a(f). Accordingly, the IRS has issued regulations stating that a Privacy Act request must, *inter alia*, be marked as a "request for notification and access," specify the name and location of the particular system of records for which the individual seeks notification and access, and "be addressed to or delivered in person to the office of the official designated in the access section for the particular system of records for which the individual is seeking notification and access." 31 C.F.R. § 1.26, Pt. 1, Subpt. C, App. B(3)(b).

Strict compliance with these regulations is required to exhaust a claim under the Privacy Act. *See, e.g.*, *Lee v. Dep't of Justice*, 235 F.R.D. 274, 285 (W.D.

Pa. 2006) ("[A] claimant [under the Privacy Act] who has failed to present a request comporting with the applicable regulations has failed to exhaust his remedies because, as a technical matter, the agency . . . never denied a properly framed request . . . ."); *see also Taylor v. Treasury Dep't*, 127 F.3d 470, 474 (5th Cir. 1997) (explaining that a request under the Privacy Act is held to a higher standard than one under FOIA because "[w]hile the regulations promulgated under the FOIA require only a reasonable description of the requested documents . . . the Privacy Act contains much more specific requirements for describing requested documents.").

McNulty's request did not comport with the IRS's Privacy Act regulations. Among other errors, he did not label his request as one for "notification and access"; he failed to identify the name and location of a particular system of records; and he omitted information regarding the official designated in the access section for that specific system of records. *See Powell v. Internal Revenue Service*, 255 F. Supp. 3d 33, 42 (D.D.C. 2017) (dismissing a Privacy Act claim against the IRS where the underlying request did not fully comply with agency regulations, and relatedly observing that the request appeared more geared toward disclosure under FOIA). What is more, McNulty offers no argument for why his claim under the Privacy Act should be deemed exhausted; his briefing hardly addresses that claim at all. *See* McNulty's Sur-Reply at 1–2, ECF No. 33 (responding to the IRS's argument that his request was inadequate under the Privacy Act by contending that the

request was adequate under FOIA). As a result, summary judgment is granted in favor of the IRS as to McNulty's Privacy Act claim.

## IV. Conclusion

For the reasons provided above, the IRS's motion for summary judgment is granted. Civil case terminated.

**IT IS SO ORDERED.**          **ENTERED: 11/9/20**

_____
**JOHN Z. LEE**
**United States District Judge**